UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ANN PERSAUD,                                                    **COMPLAINT**

                                                      CIVIL ACTION NO.:
                          Plaintiff,     09-CV-05337 –(PKC)

    -against-

CITY OF NEW YORK and UNIDENTIFIED NEW
YORK CITY POLICE OFFICERS, AGENTS AND
EMPLOYEES,
                          Defendants.    **JURY TRIAL DEMANDED**
------------------------------------------X

      The plaintiff, complaining of the defendants, by her attorney, DARMIN T BACHU ESQ. of BACHU & ASSOCIATES, respectfully shows to this Court and alleges:

## JURISDICTION

1.   Jurisdiction is founded upon the existence of a Federal Question.

2.   This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

3.   Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth

Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. § 1391 (b)(1&2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## **PARTIES**

7. The plaintiff, Ann Persaud, an Asian female, is a resident of the United States and is a resident of the County of Queens, State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK(NYC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, the defendant NYC its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYCPD), including all the police officers thereof and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior as at

all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times hereinafter mentioned, defendants UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were employed by the defendant NYC as police officers in New York City, New York.

11. The NYCPD is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant NYC is responsible for the policies, practices and customs of the NYCPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

13. Each and all of the acts of the defendants, alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New

York, and under the authority of their office as police officers of said state and city.

## PENDENT STATE CLAIMS

14. That Notice of the Plaintiffs' claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant NYC within ninety days on or about May 28, 2008..

15. No 50-H hearing was requested of the plaintiff.

16. That more than thirty days have elapsed since the Notice of Claim have been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

17. That this action is commenced within one year and ninety days after the causes of action arose.

18. That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## STATEMENT OF FACTS

19. On April 5, 2008 at about 4:00 PM to 5:00 PM at her residence located at 111-38 112th Street, Ozone Park, Queens. Plaintiff Ann Persaud was in her house when the defendants, without any reason or explanation, pushed their way into the plaintiff's home.  The defendants pushed the plaintiff to the ground. As a result, the plaintiff was forced to the ground,

suffering serious personal injuries.  Defendants unlawfully detained, searched, assaulted and invaded the plaintiff's privacy.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

20.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

21.  That the plaintiff's rights have been violated under the Fourth and Fourteenth amendments of the United States Constitution pursuant to 42 U.S.C. § 1983.  Plaintiff's residence was unlawfully entered and searched and plaintiff was unlawfully seized, imprisoned and assaulted.  Plaintiff was subjected to an illegal search of her property, had her rights to privacy violated and was subjected to abuse of process and intentional infliction of emotional distress.

22.  As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's rights: to be secure in their persons, papers, and effects against unreasonable searches and seizures; not to be deprived of life, liberty, and property without due process of law; to be informed of the nature and cause of the accusation against him/her as secured to him/her under the Fourteenth Amendment of the Constitution of the United States; and the right to the equal protection of the laws secured by the Fourteenth Amendment to the

Constitution of the United States; right to be free from excessive force.

23. That the said assault, detention, arrest and imprisonment were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

24. That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore were alleged wrongfully, unlawfully and without sufficient charges having been made against the plaintiff, directed that the plaintiff be searched and detained.

25. That the defendant individual police officers conspired together to violate plaintiff's rights in that the individual officers acted in concert to unlawfully violate plaintiff's rights.

26. That the plaintiff was innocent of criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and were forced by the defendants to submit to the aforesaid actions thereto entirely against her will.

27. That the defendants intended to seize, detain and/or confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and, that the

confinement was not otherwise privileged.

28. That by reason of the violations of plaintiff's rights, plaintiff was subjected to physical and emotional harms, injured in her credit and circumstances and was then and there prevented and hindered from performing and transacting her necessary affairs and business, the loss of employment opportunities.

29. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

31. That on or about the above dates and times, the defendants assaulted, seized, imprisoned, detained plaintiff; abused process against the plaintiff; intentionally inflicted emotional distress upon the plaintiff; invaded plaintiff's privacy; conspired against the plaintiff; denied plaintiff her liberty under the laws and Constitution of the State of New York; trespassed against plaintiff; and otherwise violated plaintiff's rights under New York law.

32. That by reason of the aforesaid committed by the defendants, their agents, servants and employees, acting within the scope of their employment and authority, and without probable or reasonable cause, the plaintiff's rights were violated under New York State common,

statutory and constitutional law and plaintiff suffered injury, and that she was otherwise damaged. The defendant NYC is vicariously liable for the conduct of its employees.

33. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF**

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

35. That the defendant NYC was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants, in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; failing to investigate the above named defendants' background and in that they hired and retained as employees of the department individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees; also in that the defendant NYC failed to train its employees in the proper use of weapons and firearms; in the proper method of restraining a suspect; in the proper

use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers.

36. That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

37. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION ON ON BEHALF OF THE PLAINTIFF

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

39. That the defendants, their agents, servants and employees negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful police officer would have used under similar circumstances in that they carelessly, recklessly and negligently assaulted and seized the plaintiff without making a proper investigation, in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the seizure of the plaintiff, that the defendants their agents, servants

and employees negligently, carelessly and recklessly without provocation and with force against the plaintiff interfered with plaintiff's rights of free movement; negligently, carelessly and recklessly used physical force; and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

40. That the aforesaid occurrences and the resulting injuries to mind and body were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiff.

41. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

43. Defendants NYC and UNIDENTIFIED POLICE OFFICERS, who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's constitutional rights under 42 U.S.C. § 1983, failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above mentioned conduct.

44. Defendants NYC and UNIDENTIFIED POLICE OFFICERS, who were supervisors, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct.

45. Defendants as a matter of policy and practice, have with deliberate indifference failed to sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants in this case, to engage in unlawful conduct.

46. That the defendants have also with deliberate indifference failed to intercede to stop the violation of the plaintiff's rights.

47. That the defendant police officers, each of them, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the NYC and the defendants here, separately and in concert, engaged in the illegal conduct above mentioned to the injury of the plaintiff and deprived plaintiff of her rights under the Constitution of the United States and the laws of the United States.

48. The Police Officers of the defendant NYC and its individual members who are agents, servants and employees of defendants, together

with persons unknown to plaintiff, acting under color of law, have subjected plaintiff and other persons to a pattern of conduct consisting of illegal harassments, assaults and batteries, false imprisonments and arrests, racial and ethnic discrimination, and malicious prosecutions at the time said persons were lawfully and properly partaking in lawful activities in exercising their rights to assemble, travel, demonstrate and petition the government in the City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitution of the United States.

49. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiff, and other citizens by members of defendant NYC's police department and, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

50. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendants NYC and UNIDENTIFIED POLICE OFFICERS, have not taken any steps nor made any efforts to halt this course of

conduct, to make redress to the plaintiff or other citizens injured thereby, or to take appropriate disciplinary action against their employees or agents.

51. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, plaintiff demands judgment against the defendants in the sums stated above; and reasonable attorneys' fees; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: June 10, 2009
       Queens, New York

                                             _____
                                             DARMIN T BACHU Esq , DB-5392
                                             Bachu & Associates
                                             Attorney for Plaintiffs
                                             127-21 Liberty Avenue
                                             Richmond Hill, NY 11419
                                             (718) 843-6464